Barbara M. **NIGHTENGALE,**
**Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 57358.**

Missouri Court of Appeals,
Western District.

March 21, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty.Gen., Jefferson City, for appellant.

John Brand Eskew, Blue Springs, for respondent.

Before LAURA DENVIR STITH, P.J., ULRICH, J., and SMART, J.

ULRICH, Judge.

The Director of Revenue, State of Missouri, appeals from the trial court's judgment ordering the reinstatement of the driving privileges of Barbara M. Nightengale after judicial review of her refusal to submit to chemical testing pursuant to section 577.041.[1] The Director contends that the out-of-court statements of the arresting officer that Ms. Nightengale "possibly" operated a motor vehicle while intoxicated made to the testifying police officer, who did not observe Ms. Nightengale drive a motor vehicle, should have been admitted to establish that the testifying officer had reasonable grounds to believe Ms. Nightengale was driving a motor vehicle while in an intoxicated condition. The Director claims the testimony was not hearsay be-

cause it was not offered for its truth but to explain the basis for the testifying officer's belief that Ms. Nightengale had operated a motor vehicle while intoxicated, prompting him to request that she take the chemical test. The judgment of the trial court is affirmed.

### Facts

On July 9, 1998, an Independence police officer, Officer Roswarren, was dispatched to investigate a hit and run accident. When the officer arrived, he found that the driver of the vehicle had left the scene of the accident. He subsequently located and arrested Ms. Nightengale for leaving the scene of the accident and transported her to the City's detention center after determining there was a possibility that she was under the influence of alcohol and or drugs. Officer Roswarren then called another officer, Officer Donald DeBoard, to the detention center to process Ms. Nightengale. Office DeBoard was not involved in the investigation prior to Ms. Nightengale's arrest and had no personal knowledge of the events that resulted in her arrest. At the detention center, Officer DeBoard administered field sobriety tests. After Ms. Nightengale failed the field sobriety tests, Officer DeBoard read Ms. Nightengale her Miranda rights and the Implied Consent Law Warning and requested that she submit to the applicable chemical test. Ms. Nightengale refused to take the test. Upon her refusal, Ms. Nightengale's driver's license was revoked for one year pursuant to section 577.041.

Ms. Nightengale filed an application for a hearing pursuant to section 577.041.4. During the hearing, the Director presented the testimony of Officer DeBoard, the officer who encountered Ms. Nightengale only after she had been transported to the detention center. Officer Roswarren, the officer who initially located and arrested Ms. Nightengale and transported her to

---

1. Section 577.041 was revised effective May 19, 1998. All statutory references are to

RSMo Cum.Supp.1998 unless otherwise noted.

the detention center, did not testify at the hearing nor was his report introduced as evidence under an exception to the hearsay rule. During direct examination, Officer DeBoard was asked what Officer Roswarren told him about the accident involving Ms. Nightengale. Defense counsel objected to the question on the grounds that response to the question would be inadmissible hearsay. After the parties filed briefs on the matter, the trial court found Officer Roswarren's statements to Office DeBoard were inadmissible hearsay and that the Director had not established reasonable grounds for the arresting officer to believe that Ms. Nightengale was driving a motor vehicle while in an intoxicated condition. § 577.041. The trial court ordered the reinstatement of Ms. Nightengale's driving privileges, and this appeal followed.

## Point on Appeal

■ On review, the trial court's decision must be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or it misstates or misapplies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). When reviewing the revocation of a driver's license for a refusal to submit to a chemical test, the trial court shall determine only the following: (1) whether the individual was arrested or stopped; (2) whether the officer had reasonable grounds to believe the individual was driving while in an intoxicated or drugged condition; and (3) whether the individual refused to submit to the test. § 577.041.4. If the court determines any issues not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive. § 577.041.5. The Director of Revenue has the burden of proof and failure to satisfy the burden will result in the reinstatement of the license to drive a motor vehicle. *Lorton v. Director of Revenue,* 985 S.W.2d 437, 440 (Mo.App. W.D.1999).

At issue in this case is the second criteria, whether the Director made a *prima facie* showing that an officer had reasonable grounds to believe Ms. Nightengale was driving a motor vehicle while in an intoxicated condition. The Director presented only the testimony of Officer DeBoard, the officer who encountered Ms. Nightengale for the first time at the detention center. Officer DeBoard had no first hand knowledge of whether Ms. Nightengale had been operating a motor vehicle while intoxicated, nor was he the officer who had arrested Ms. Nightengale for leaving the scene of the accident. The only evidence presented regarding whether Ms. Nightengale was operating a motor vehicle was Officer DeBoard's testimony as to what the arresting officer, Officer Roswarren, had told him.

The Director contends that hearsay statements of police officers are admissible to prove that the arresting officer had reasonable grounds to believe an individual was driving a motor vehicle in an intoxicated condition in accordance with section 577.041. The Director asserts that the testimony was not hearsay evidence because it was not being offered for its truth but to explain the basis for Officer DeBoard's belief that Ms. Nightengale drove a motor vehicle while in an intoxicated condition, and therefore, requested that Ms. Nightengale submit to the chemical test.

Whether the evidence was properly admissible in this case need not be decided because even if Officer Roswarren's out-of-court statements to Officer DeBoard were admissible, they would not establish reasonable grounds to believe Ms. Nightengale was driving while in an intoxicated condition. At the hearing, Officer DeBoard testified [2] as follows:

> COUNSEL: Officer, did you speak to your fellow officer in regards to this accident?

**2.** The trial court denied Ms. Nightengale's hearsay objection and conditionally permitted Officer DeBoard to testify to Officer Roswarren's statements thereby effectively presenting an offer of proof.

OFFICER DEBOARD: I did.

COUNSEL: And what did he tell you?

OFFICER DEBOARD: That he had been dispatched to an area to investigate a hit and run accident. When he arrived, he found that the driver of the vehicle had left the scene, followed by two other people. He subsequently arrested Ms. Nightengale for the accident and transported her to detention after determining there was a possibility that she was under the influence of alcohol and or drugs.

The conclusion by a police officer that a driver "possibly" operated a motor vehicle under the influence of alcohol or drugs does not establish reasonable grounds to believe that the driver was driving while in an intoxicated condition under section 577.041. No evidence was offered regarding the length of delay between the accident from which Ms. Nightengale purportedly fled and her arrest or where she was and what she was doing when arrested. With or without the hearsay testimony, the Director failed to prove that either officer had reasonable grounds to believe that Ms. Nightengale was driving a motor vehicle while in an intoxicated condition. The trial court, therefore, did not err in setting aside the revocation of Ms. Nightengale's driving privileges under section 577.041.

The judgment of the trial court is affirmed.

LAURA DENVIR STITH, P.J., and SMART, J., concur.