David B. HONEYFIELD, Petitioner–
Respondent,

v.

DIRECTOR OF REVENUE,
Respondent–Appellant.

No. 25887.

Missouri Court of Appeals,
Southern District,
Division Two.

June 18, 2004.

Petition for Rehearing and Transfer
Denied July 9, 2004.

Application for Transfer Denied
Aug. 24, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christina M. Hammers, Assistant Attorney General, Jefferson City, for respondent-appellant.

No brief filed by Respondent.

JAMES K. PREWITT, Judge.

Director appeals the reinstatement of Respondent's driving privileges for Respondent's deemed refusal to submit to chemical testing. This followed a hearing on Respondent's petition for review under § 577.020, RSMo.

On April 1, 2003, Officer Chris Pekarek, with the West Plains Police Department, was dispatched to the scene of a vehicular collision involving a white Toyota pickup truck. Upon arriving, Officer Pekarek received information from a paramedic on the scene that the driver of the truck, David B. Honeyfield ("Respondent"), had refused treatment and was intoxicated. Officer Pekarek found Respondent seated inside the vehicle.

The officer testified that when he approached Respondent, there was a strong odor of intoxicants and that "[h]e was kind of confused ..., kind of swaying a little bit[,]" and his eyes, which were watery and bloodshot, appeared to be "kind of staring off."

Pekarek transported Respondent to the police department where Respondent was requested to submit to field sobriety testing, including the one-leg stand, the walk-and-turn test, and horizontal gaze nystagmus examination. Pekarek testified that Respondent attempted but failed all three tests. Respondent was placed under arrest for driving while intoxicated, advised of his *Miranda* rights and the terms of the informed consent law. When Respondent was requested to submit to a breathalyzer test, he agreed to comply.

However, upon Respondent's first attempt, the reading from the breathalyzer (a Datamaster machine) indicated "subject sample incomplete." After Respondent's second attempt, the reading indicated "invalid." Officer Pekarek noted in his report that Respondent was not blowing hard enough. The officer determined that Respondent refused to submit. Following the officer's report, Director revoked Respondent's driving privileges for a period of one year, pursuant to § 577.041, RSMo. Respondent filed a petition for review on April 10, 2003, and a hearing on the matter was held on September 2, 2003.

At the hearing, Officer Pekarek was the only witness called by Director. He testified that on both attempts, Respondent "wasn't forming a complete seal around the mouthpiece and air was escaping around the mouthpiece." On cross-examination, Respondent's counsel questioned Pekarek regarding the discrepancy between his report, which stated that Respondent was not blowing hard enough, and Pekarek's testimony referenced above. Officer Pekarek conceded that his report would be more accurate than his memory.

When asked to distinguish between the two readings, Pekarek admitted he could not do so. When he was asked what he could have done to determine that the Datamaster was operating correctly, Officer Pekarek replied, "It's been a while since I went through it [training]. I can't remember."

At the close of Director's evidence, Respondent moved for dismissal, arguing "that the [Director] has failed to establish that the [Respondent] 'refused' to submit to the test." Counsel argued that the arresting officer's reliance on the accuracy of the breathalyzer's print-out in determining that Respondent had refused to submit, when the officer could not interpret or distinguish between the two readings, was not sufficient.

The trial court agreed, stating: "[W]hat does bother me is the fact that [Respondent] supposedly blew into the machine the same, but yet this machine gives two different reasons as to why no reading was given."

Respondent's motion for dismissal was sustained upon a finding by the trial court that Director "failed to establish that the [Respondent] 'refused' to submit to the test." The trial court ordered that the driving privileges of Respondent be reinstated.

■ Director appeals the reinstatement of Respondent's driving privileges, presenting one point relied on:

The trial court erred in setting aside the Director's revocation of [Respondent's] driver's license because the revocation was proper and the Director made a prima facie case, in that the evidence established that [Respondent] refused to submit to a breath test by stopping blowing and by varying the airflow through the mouthpiece in contravention of instructions given, and, re-

gardless of whether the reading was "insufficient sample" or "invalid sample," he did not produce enough air to provide an adequate sample and there is no proof of malfunction of the testing instrument, and, in any event, the Director does not need to prove maintenance of or lay a foundation for the testing instrument absent a timely objection.

■ Section 577.041.4, RSMo 2000, provides that in a proceeding to determine whether to stay a rescission of driving privileges based on a driver's refusal to submit to chemical testing, the trial court shall determine only (1) whether the driver was arrested or stopped; (2) whether the arresting officer had reasonable grounds to believe that the person was driving while intoxicated; and (3) whether the driver refused to submit to a breath test. *Nightengale v. Dir. of Revenue*, 14 S.W.3d 267, 269 (Mo.App.2000).

At the hearing to review the license revocation, Director has the burden of proof on all three issues. *Hawkins v. Dir. of Revenue*, 7 S.W.3d 549, 551 (Mo.App. 1999). Unless all three issues are found in the affirmative, the trial court shall order Director to reinstate the driving privileges. *Nightengale*, 14 S.W.3d at 269.

Director contends that whether Respondent "blew air on the outside of the mouthpiece because he was not forming a complete seal or he failed to provide a steady, continuous flow of breath, however, is irrelevant[,] ... Director does not have to show the specific method of the driver's intransigence." (Citations omitted.)

Director also argues that Respondent offered no objection to the testimony, and any suggestion that the testing instrument had malfunctioned is not relevant here, as issues regarding compliance with foundational requirements and those challenging the breathalyzer's maintenance and func-

tioning are not considered in refusal cases where analysis results are not necessarily admitted into evidence. *See Fredrickson v. Dir. of Revenue*, 55 S.W.3d 460, 464–65 (Mo.App.2001).

However, here, the issue is whether the arresting officer should have relied on the two different print-outs in deeming Respondent's two failed attempts as a refusal. The officer could not articulate a distinction between the two different readings, after the officer had stated that Respondent blew in the same manner on both attempts.

 *Spradling v. Deimeke*, 528 S.W.2d 759, 766 (Mo.1975), instructs us that a refusal may be "[t]he volitional failure to do what is necessary in order that the test can be performed." However, whether Respondent's failure to provide a sufficient sample was volitional on his part is a question of fact and goes to the credibility of the witness, to be decided by the trial court, regardless of evidence that might support a different result. *Hawk v. Dir. of Revenue*, 943 S.W.2d 18, 21 (Mo. App.1997). Conflicting and inconsistent statements made by a witness reflect on a witness' memory and the quality of the evidence, and such discrepancies are resolved by the fact-finder. *See State v. Cole*, 844 S.W.2d 493, 497 (Mo.App.1992).

In a judge-tried case, the judgment is to be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Boyd v. Dir. of Revenue*, 71 S.W.3d 262, 264 (Mo.App.2002). We defer to the trial court's determination of credibility. *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 620 (Mo.banc 2002).

We have reviewed the record and we find no abuse of discretion in the trial court's finding that the Director failed to establish that Respondent "refused" to submit to chemical testing.

The judgment is affirmed.

SHRUM, J., and BATES, J., concur.