Scott E. PONTIUS, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. ED 83375.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 11, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 8, 2004.

Case Transferred to Supreme Court
Aug. 24, 2004.

Case Retransferred to Court of
Appeals Jan. 25, 2005.

Original Opinion Reinstated
Feb. 2, 2005.

James A. Chenault, III, Jefferson City, MO, for Appellant.

Gregory R. Futhey, Lake St. Louis, MO, for Respondent.

GEORGE W. DRAPER, III, Judge.

This case involves a two vehicle collision without any bodily injury. The Director of Revenue (hereinafter, "the Director") revoked Scott Pontius' (hereinafter, "Respondent") driving privileges for refusing to submit to a chemical test. After requesting, and receiving, a trial de novo, the trial court reinstated Respondent's driving privileges because the Director failed to make a prima facie case. The only issue presented in this case is whether the arresting officers had probable cause to believe Respondent was driving a motor vehicle in an intoxicated condition. We affirm.

On the evening of March 21, 2002, three police officers responded to the scene of an automobile collision outside of the Days Inn Pub. The collision involved two vehicles. Witnesses at the scene informed the police officers that the vehicle involved in the collision backed into the passenger side of a stopped car. The person in the vehicle exited, looked at the damage, and asked the driver of the other vehicle not to call the police. This person then walked into the Days Inn Pub without giving his name or insurance information to any witness. Witnesses provided the police with a description of this person.

The police officers identified Respondent as being the registered owner of the car involved in the collision. The police officers attempted to locate Respondent by canvassing the Days Inn Pub. While inside, the police officers received a phone call from a woman who identified herself as a friend of Respondent. She told them she drove Respondent home from the pub but refused to allow the police officers to speak with Respondent.

Approximately one hour later, the police officers arrived at Respondent's home.

They noted he appeared to match the description given to them by the witnesses. They also noticed Respondent had a strong smell of alcohol on his breath, his balance was uncertain, and his eyes were watery, bloodshot, and glassy. The police officers arrested Respondent for leaving the scene of an accident and for suspicion of driving while intoxicated.

At the police station, Respondent refused to submit to field sobriety tests and a breath test. Further, one of the witnesses from the accident scene identified Respondent as the driver of the car that hit them.

The Director revoked Respondent's driving privileges pursuant to Section 577.041 RSMo (2000).[1] Respondent appealed to the circuit court, and a drug court commissioner found in favor of the Director. Respondent petitioned the circuit court for a trial de novo. At the trial de novo, the Director stipulated its case on the record pursuant to Section 302.312. On April 17, 2003, the trial court found in favor of the Director. Then on May 14, 2003, Respondent filed a motion to reconsider the judgment; one day after this Court handed down its mandate in *Sooch v. Director of Revenue*, 105 S.W.3d 546 (Mo.App. E.D.2003) (finding a drug court commissioner lacks jurisdiction over a driver's petition for trial de novo following revocation of his driver's license by the Director).

As a result of our holding in *Sooch*, the circuit court went forward with the de novo hearing. During the hearing, the trial court held the witness statements were hearsay and could not be considered by the court. Hence, the trial court reinstated Respondent's driving privileges. The Director brings this appeal.

---

1. All further statutory references are to RSMo (2000) unless otherwise noted.

■ On appeal, the Director argues the trial court erred in failing to consider witness statements from its records and in reinstating Respondent's license because Director made a prima facie case. Director believes the records could be submitted pursuant to Section 302.312. Further, Director contends the witness statements were not hearsay because they were not offered to prove the truth of the matter asserted but offered to show the officer had reasonable grounds to arrest Respondent.

■ We must affirm the decision of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). If the trial court erroneously declared or applied the law, its judgment will be afforded no deference on appeal. *Weiland v. Director of Revenue*, 32 S.W.3d 628, 630 (Mo.App. W.D.2000).

■ In a refusal case, the Director has the burden of establishing a prima facie case, pursuant to Section 577.041.4. The Director must demonstrate that: (1) the person was arrested or stopped; (2) the officer had reasonable grounds to believe the person was driving a motor vehicle while in an intoxicated condition; and (3) the person refused to submit to the test. Section 577.041.4; *Hockman v. Director of Revenue*, 103 S.W.3d 382, 384 (Mo.App. W.D.2003). "If the Director makes a prima facie case, the burden then shifts to the driver to rebut that case by a preponderance of the evidence." *Roberts v. Wilson*, 97 S.W.3d 487, 492 (Mo.App. W.D.2002). Conversely, if the Director fails to make a prima facie case, it will result in the reinstatement of driving privileges. *Nightengale v. Director of Revenue*, 14 S.W.3d 267, 269 (Mo.App. W.D. 2000).

Respondent concedes he was arrested and refused to submit to a blood alcohol test. Hence, the only query before this Court is whether there were reasonable grounds to believe Respondent was driving a motor vehicle while in an intoxicated condition. The Director only submitted its case on a cold record. The record reflects that no officer saw Respondent driving nor his condition immediately following the accident. The police officer's first encounter with Respondent was at his home approximately one hour after the collision. Respondent was identified by witness descriptions as the person who drove one of the vehicles in the collision. The police officers believed Respondent to be under the influence of alcohol at his home.

The Director contends the hearsay statements of the accident witnesses are sufficient to prove the arresting officers had reasonable grounds to believe an individual was driving a motor vehicle in an intoxicated condition in accordance with Section 577.041. The Director asserts the statements were not hearsay evidence because they were not being offered for the truth of proving Respondent was driving but rather to explain the police officers reasonable grounds for arresting Respondent.

We need not decide whether the civilian statements should have been admissible in this case because even if they were admitted, they would not establish reasonable grounds to believe Respondent was driving while in an intoxicated condition. The first indicia Respondent was intoxicated occurred at his home, almost one hour after the collision. There is no evidence on the record indicating Respondent's condition at the time of the collision was anything but normal. "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." Rule

73.01(c). The evidence only demonstrates Respondent appeared to be intoxicated at his home one hour after the accident. Therefore, the police officers did not have reasonable grounds to believe Respondent was in an intoxicated condition while driving at the time of the accident.

The Director failed to prove there were reasonable grounds to believe Respondent was driving a motor vehicle while in an intoxicated condition. Hence, the Director failed to present a prima facie case, and Respondent was not required to present rebuttal evidence.

The judgment of the trial court is affirmed.

SHERRI B. SULLIVAN, C.J., and PATRICIA L. COHEN, J., concur.