Herbert G. SCHOLES, Respondent,

v.

DIRECTOR OF REVENUE STATE OF MISSOURI, Appellant.

No. WD 66977.

Missouri Court of Appeals, Western District.

June 29, 2007.

As Modified July 31, 2007.

Nichole L. Loethen, Jefferson City, MO, for Appellant.

Michaela C. Shelton–Sinkhorn, Overland Park, KS, for Respondent.

Before LOWENSTEIN, P.J., ELLIS and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

The Director of Revenue ("Director") appeals from a circuit court judgment set-

ting aside the revocation of Herbert Scholes's driving privileges pursuant to Section 577.041, RSMO 2000. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

In the early morning hours of March 8, 2005, Kansas City police officers Nelson and Hayes [1] responded to a dispatch report regarding a "suspicious party." Upon arriving at the scene, the officers talked to an unidentified security guard who had Herbert Scholes in custody for urinating in public. The officers noticed that Scholes smelled of alcohol, his eyes were bloodshot, and his gait was unbalanced. They arrested Scholes for urinating in public and transported him to the police station.

At the station, Scholes was administered field sobriety tests, the results of which indicated he was intoxicated. Scholes then refused a request by Officer Curtis Vander Linden to submit to a breathalyzer test. Scholes was subsequently charged with driving under the influence of alcohol. Later, he received notice from the Director that his driver's license was revoked for one year, pursuant to Section 577.041, for refusing to submit to a chemical test.

Scholes filed a petition for review of the revocation decision. At the circuit court review hearing, the case was submitted solely on the Director's file. The file contained three documents relevant to this appeal: (1) a six-page "Alcohol Influence Report" signed by Officer Vander Linden; (2) a one-page "DUI Information Sheet" signed by Officer Nelson; and (3) one-page of unsigned, handwritten notes regarding an unidentified witness. Counsel for Scholes objected to admission of the file on grounds that it included hearsay statements from an unidentified witness. Counsel also argued that the Director

failed to prove that the arresting officer had reasonable cause to believe Scholes drove while intoxicated.

After taking the case under advisement, the circuit court entered a judgment setting aside the revocation of Scholes's driving privileges. The Director appeals, contending the judgment was not supported by substantial evidence and was against the weight of the evidence.

### STANDARD OF REVIEW

In this court-tried case, we must affirm the judgment unless it is unsupported by the evidence, it is against the weight of the evident, or it misstates or misapplies the law. *Engelage v. Dir. of Revenue*, 197 S.W.3d 197, 198 (Mo.App.2006). In determining whether there is substantial evidence to support the judgment, we defer to the ability of the trial court to ascertain the facts. *Id.* "The trial court is accorded wide discretion even if there is evidence in the record which would support a different result." *Id.*

### Analysis

Upon circuit court review of a license revocation pursuant to Section 577.041.4, the Director has the burden of establishing a prima facie case on three elements:

  (1) the driver was arrested;

  (2) the arresting officer had reasonable grounds to believe that the driver was driving a motor vehicle while intoxicated; and

  (3) the driver refused to submit to a chemical test.

*Pontius v. Dir. of Revenue*, 153 S.W.3d 1, 3 (Mo.App.2004). If the Director makes a prima facie case, the burden of production shifts to the driver to rebut the case by a preponderance of the evidence. *Id.*

---

1. The officers' first names are not available in      the record on appeal.

" Conversely, if the Director fails to make a prima facie case, it will result in the reinstatement of driving privileges." *Id.* Ultimately, the Director retains the burden of proof on all elements of Section 577.041.4. *Nightengale v. Dir. of Revenue,* 14 S.W.3d 267, 269 (Mo.App.2000).

In this appeal, the parties agree that the Director's evidence was sufficient to make a prima facie case on the first and third elements. Only the second element is in dispute. The Director contends that police officers had reasonable grounds to arrest Scholes based on "uncontroverted" evidence that a security guard saw him driving while intoxicated. Thus, the Director argues that the circuit court's decision to set aside the license revocation was unsupported by substantial evidence and against the weight of the evidence.

In response, Scholes argues the circuit court properly set aside the revocation because the Director's evidence was inconsistent and inconclusive with regard to who might have seen Scholes driving and whether he was intoxicated at that time. We agree that the evidence was insufficient to meet the Director's burden.

"Reasonable grounds to arrest [a] driver for driving while intoxicated is virtually synonymous with probable cause to arrest [a] driver." *Storck v. Dir. of Revenue,* 59 S.W.3d 545, 548 (Mo.App. 2001). In determining whether reasonable grounds exist, the courts must evaluate the evidence from the viewpoint of a cautious, trained, and prudent police officer at the scene at the time of the arrest. *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 621 (Mo. banc 2002). Reasonable grounds, therefore, must be based on information in the officer's possession at the time of the arrest and not on information acquired after the fact. *Jones v. Dir. of Revenue,* 204 S.W.3d 709, 712 (Mo.App.2006).

The Director's file was the sole evidence presented in support of the revocation.

The file contained a six-page Alcohol Influence Report (AIR) that was signed by Officer Vander Linden on or about March 9, 2005, the day following Scholes's arrest. Because Officer Vander Linden was not at the scene, the report was based on information he received from the arresting officers, Nelson and Hayes. The first page of the AIR stated that Officer Nelson had observed Scholes driving a vehicle. However, page five of the AIR stated that the arresting officers arrived at the scene after Scholes had already been taken in custody by a security guard for urinating in public. The unidentified security guard told the officers that he saw Scholes get into a "vehicle and move it forward." The AIR stated that the officers noted signs of intoxication, in that Scholes was swaying, his eyes were bloodshot, and he had a moderate odor of alcohol. The AIR did not provide any time frames as to when Scholes was seen driving the vehicle or when the arresting officers observed the signs of intoxication.

One of the arresting officers, Nelson, completed a DUI Information Sheet that was also included in the Director's file. Nelson signed his report on March 8, 2005, the day of the arrest. The report stated that Scholes was in the custody of the security guard when Officer Nelson arrived on the scene in response to the dispatch. Contrary to the information in Officer Vander Linden's AIR, there was nothing in Officer Nelson's report to indicate he had seen Scholes driving a vehicle prior to his arrest, or that he had talked to a security guard who had seen Scholes driving.

The Director's file did not include a signed report from the other arresting officer, Hayes. However, it did include a brief handwritten note concerning an unidentified witness, presumably the security guard. The note was unsigned, undated, and the author is unknown. The note

stated that the witness was on patrol when he observed Scholes urinate in public, get into a vehicle, and move the vehicle forward. The witness then took Scholes into custody and waited for police to arrive.

The totality of evidence in the Director's file failed to establish that the arresting officers, Nelson and Hayes, had reasonable grounds to believe Scholes drove while intoxicated. The reports and notes do not conclusively show who saw Scholes driving and the relative timing of the incidents that led to his arrest. The AIR states that Officer Nelson saw Scholes driving, but that is contradicted by subsequent statements in the AIR and Nelson's own report indicating that Scholes was already in custody when he arrived on the scene. Officer Nelson's report is also at odds with other statements in the file indicating that a security guard told the arresting officers he saw Scholes driving a vehicle. Although the security guard's hearsay statements were admissible in the context of this proceeding, that evidence alone did not establish that Scholes drove while intoxicated. Nothing in the Director's file indicated when Scholes was seen driving and when the arresting officers first observed him showing signs of intoxication. Without establishing a temporal connection between those events, the Director failed to meet its burden of showing that the arresting officers had reasonable grounds to believe that Scholes drove while intoxicated.

The circuit court's decision to set aside the license revocation was supported by substantial evidence and was not against the weight of the evidence. Accordingly, the judgment is affirmed.

All concur.