NO. 07-06-0450-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 7, 2008
_____

JESSE MCKANE GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE COUNTY COURT OF HALE COUNTY;

NO. 2006C-380; HONORABLE DWAIN DODSON, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Jesse McKane Gonzales, was convicted by a jury of possession of marijuana of two ounces or less in a drug free zone. The jury assessed his punishment at confinement in the county jail for 180 days and a fine of $500, with the jail time being suspended and appellant placed on probation for a period of one year. Through four issues, appellant challenges his conviction. We reverse and enter an acquittal.

## Factual Background

On April 25, 2006, Plainview police officers received an anonymous call reporting suspected drug activity taking place at a park at 12th Street and Travis. The first officer to arrive on the scene, Officer Jaramillo, testified observing five individuals seated around a picnic table. Three were seated on the picnic table bench facing west, away from the officer and the street where she parked, and two were across the table facing east, directly toward the street where the officer parked. The only person to react to the officer's arrival was Michael Salas, one of the individuals facing east. Salas got up from the north end of the picnic table and moved to the south end where he was seated across from appellant. When Jaramillo walked up to the picnic table, she observed a baggie of marijuana on the ground behind appellant. She further observed two baggies by Salas and a set of electronic scales underneath the picnic table between appellant and Salas.

Officer Ramero Sanchez was the second officer on the scene. He arrived after Jaramillo had begun getting the names of those present. Sanchez also observed the marijuana and the scales. After a check for warrants had been run, it was learned that two of the individuals present, Rebecca Diaz and Josh Wolvenik, had outstanding warrants and they were arrested. Appellant and Michael Salas were arrested for possession of marijuana. David Diaz, the person seated next to appellant at the picnic table, was allowed to leave. As Jaramillo was placing the individuals in the car, she was informed by Diaz, Wolvenik and appellant that the marijuana belonged to Salas.

2

After hearing the evidence the jury returned a verdict of guilty to the charge of possession of marijuana. Appellant raises four issues, however, due to our decision we will address only appellant's challenge to the legal sufficiency of the evidence.

Standard of Review

Appellant couched his first issue in terms of the trial court committing error by overruling his motion for directed verdict. A challenge to the trial court's denial of a motion for directed verdict will be viewed by the appellate court as a challenge to the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Crim.App. 1996). In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

To convict a citizen of possession of a controlled substance, the State must prove that appellant exercised 1) actual care, custody, control, or managment over the substance; and 2) the accused knew the matter possessed was contraband. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon Supp. 2006); Poindexter v. State, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). Further, the evidence must establish that appellant's

3

connection with the contraband was more than fortuitous.  Brown v. State, 911 S.W.2d 744, 747 (Tex.Crim.App. 1995).  When, as in the case before the court, the appellant is not in exclusive possession of the place where contraband is found, additional independent fact and circumstances must be shown that link the appellant to the contraband.  Poindexter, 153 S.W.3d at 406.  These independent facts that connect the appellant to the contraband may be direct evidence or of a circumstantial evidentiary nature.  Id. at 403.

A number of different types of "links" have been identified by the Texas appellate courts.  They may include, but are not limited to: 1) appellant's presence when the contraband was found; 2) whether the contraband was in plain view; 3) appellant's proximity to and the accessibility of the contraband; 4) whether appellant was under the influence of contraband when arrested; 5) whether appellant possessed other contraband or drug paraphernalia when arrested; 6) whether appellant made incriminating statements when arrested; 7) whether appellant attempted to flee; 8) whether appellant made furtive gestures; 9) whether there was an odor of contraband; 10) whether appellant owned or had the right to possess the place where the contraband was found; 11) the amount of contraband found; or 12) whether appellant possessed a large amount of cash.  Taylor v. State, 106 S.W.3d 827, 832 (Tex.App.–Dallas 2003, no pet.).  Finally, it is the logical force of these links and not the number of links which determine whether the State's evidence links appellant to the contraband.  Id.

Analysis

In this case there are three links that seem to connect appellant to the contraband.[1] First, the marijuana was in plain view. Second, appellant was within a foot to a foot and a half of the contraband; therefore, it was easily accessible. Third, other drug paraphernalia was found at the scene. However, we must be mindful that it is the logical force of the links and not the number of links that determines the connection of appellant to the contraband. Id. The record reflects that appellant's back was to the contraband the entire time and the State produced no evidence indicating appellant had any knowledge of the contraband behind him. The record shows that appellant made no furtive gestures when the police arrived. There is no evidence of when appellant arrived at the scene, whether it was before or after Salas arrived. Salas was the only person at the scene that reacted to the presence of the police. Further, the record reflects that the paraphernalia was under the table equally between appellant and Salas. There is no evidence in the record regarding whether appellant could see the scales in question from his seat. Again, there is no evidence that appellant was aware of the existence of the scales. The logical force behind the contraband being in plain view loses some of its force because there is nothing in the record to indicate appellant's awareness of the contraband. Upon review, the conclusion that can be drawn from the links shown in the record is that appellant was present at a place where contraband was found. However, mere presence alone is not sufficient to support a conviction for possession of contraband. Poindexter, 153 S.W.3d

---

[1] The State contends there are four links, however, under the facts of this case, as revealed by the record, we have determined that close proximity and easy access are one and the same.

at 405. Accordingly, we find that the evidence is legally insufficient to prove the element of possession.

Conclusion

Having found that the evidence was legally insufficient, we reverse the judgment of the trial court and enter a judgment of acquittal.

Mackey K. Hancock
Justice

Do not publish.