# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 20, 2014

## JEFFERY YATES v. STATE OF TENNESSEE AND SHARON C. TAYLOR, WARDEN

**Appeal from the Circuit Court for Johnson County**
**No. CC13CV133     Robert E. Cupp, Judge**

---

**No. E2014-00163-CCA-R3-HC-FILED-DECEMBER 30, 2014**

---

The petitioner, Jeffery Yates, appeals the trial court's denial of his petition for habeas corpus relief.  He contends that the court abused its discretion by dismissing his petition without conducting a hearing.  He claims that he is entitled to habeas corpus relief because his current sentence is illegal because it was enhanced based upon prior illegal sentences and that the illegal sentences were improperly used to impeach him at trial. After reviewing the record and the applicable law, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN, J., and DAVID A. PATTERSON, SP. J., joined.

Jeffery Yates, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Brent C. Cherry, Senior Counsel, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

**Facts and Procedural History**

In 1993, the petitioner was convicted of attempted aggravated robbery, especially aggravated kidnapping, and aggravated kidnapping. The attempted aggravated robbery and especially aggravated kidnapping took place on December 23, 1991, and the aggravated kidnapping occurred on December 29, 1991. He received concurrent sentences of five, eighteen, and ten years, for an effective sentence of eighteen years. On direct appeal, this court affirmed the convictions. *State v. Jeffery Yates*, No. 02C01-9307-CR-00164, 1994 WL 466825 (Tenn. Crim. App. Aug. 31, 1994). On June 14, 1994, the petitioner pled guilty to five counts of aggravated assault and two counts of possession of cocaine. Four of the aggravated assaults occurred on July 15, 1991, and the fifth occurred on November 8, 1990. One of the cocaine offenses occurred on May 28, 1991, and the second occurred on March 9, 1993. He received an effective sentence of ten years for his 1994 guilty pleas to be served concurrently with his eighteen-year sentence for his 1993 convictions. In 2003, the petitioner was convicted of aggravated robbery, and he was sentenced to serve thirty years as a Range III, career offender. The trial court found that the petitioner was a career offender based upon his 1993 and 1994 convictions. This court affirmed the convictions on appeal. *State v. Jeffery Yates*, No. W2003-02422-CCA-MR3-CD, 2005 WL 1707974 (Tenn. Crim. App. Jul. 21, 2005), *perm. app. denied* (Tenn. Dec. 19, 2005).

On April 10, 2006, the petitioner filed his first petition for writ of habeas corpus, alleging that he was released on bail for the offenses he was convicted of in 1994 when he committed the offenses he was convicted of in 1993 and that his effective eighteen-year sentence for the 1993 convictions was illegal because he was required to serve it consecutively to, rather than concurrently with, his ten-year sentence for the 1994 guilty pleas. *Jeffery Yates v. State*, No. W2006-00969-CCA-R3-HC, 2007 WL 936117, at *1 (Tenn. Crim. App. Mar. 29, 2007), *perm. app. denied* (Tenn. Aug. 13, 2007). This court affirmed the denial of the petition, noting that the judgment forms for the petitioner's 1993 convictions showed that he committed the offenses in December of 1991 but did not indicate whether he was on bail when he committed the offenses. *Id.* at *2. The court further observed that he did not attach any documents demonstrating that he was released on bail for the aggravated assault and unlawful possession of cocaine offenses when he committed attempted aggravated robbery, aggravated kidnapping, and especially aggravated kidnapping. *Id.* This court concluded that because the petitioner did not provide documentation establishing that he committed the 1993 offenses while released on bail, the judgments for the 1993 convictions were facially valid, and habeas corpus relief was not warranted. *Id.*

In 2007, the petitioner filed a second petition for writ of habeas corpus, arguing that his 1994 convictions used to enhance his 2003 sentence were void. *Jeffery Yates v. State*, No. W2007-02868-CCA-R3-HC, 2008 WL 3983111 (Tenn. Crim. App. Aug. 27, 2008), *perm. app. denied* (Tenn. Jan. 20, 2009). He claimed that because he was released on bail

when he committed the offenses that resulted in his 1994 guilty pleas, the effective ten-year sentence should have been served consecutively to his 1993 sentence. *Id.* at *1. This court affirmed the denial of the petition, stating that:

> The Petitioner is not entitled to habeas corpus relief. It is well-settled that "habeas corpus relief is not available for expired sentences that are used solely to enhance a subsequent conviction." *See Paul Wilson v. Stephen Dotson, Warden*, No. W2005-02317-CCA-R3-HC (Tenn. Crim. App., at Jackson, May 4, 2006), *perm. to appeal denied*, (Tenn. Sept. 25, 2006). Indeed, in *Hickman v. State*, 153 S.W.3d 1[6], 23 (Tenn. 2004), our supreme court explained:
>
> > A person is not "restrained of liberty" for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement. Use of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint on liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired.
>
> > . . . .
>
> The Petitioner is not currently restrained of his liberty as a result of the convictions of which he now complains. He is not entitled to habeas corpus relief from a sentence fully served. Rather, a petitioner may only seek habeas corpus relief "when the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement." *Hickman*, 153 S.W.3d at 22.

*Id.* at *2. On February 18, 2009, the petitioner filed his third petition for writ of habeas corpus, again claiming that his 1994 convictions should have been served consecutively to his 1993 convictions. *Jeffery Yates v. State*, No. W2009-01136-CCA-R3-HC, 2010 WL 4540063 (Tenn. Crim. App. Sept. 24, 2010), *perm. app. denied* (Tenn. Dec. 22, 2010). He argued that both sentences were void because he was released on bail for the 1994 offenses at the time he committed the 1993 offenses, meaning that his effective eighteen-year 1993 sentence should have been served consecutively to his effective ten-year 1994 sentence. *Id.* at *3. This court denied relief, noting that a previous panel of the court had concluded that the petitioner was no longer confined as a result of his 1994 convictions. *Id.* (citing *Jeffery Yates v. State*, 2008 WL 3983111, at *2). This court concluded that "[i]ssues that have been previously determined may not be relitigated in a subsequent habeas corpus proceeding" and

3

concluded that the petitioner did not state a cognizable claim for habeas corpus relief. *Id.* (citing *Gant v. State*, 507 S.W.2d 133, 137 (Tenn. Crim. App. 1973)).

In 2011, the petitioner filed a fourth petition for writ of habeas corpus, arguing that his 2003 conviction for aggravated robbery was void because the trial court did not award him post-judgment jail credit and classified him as a Range III, career offender based upon a prior void judgment of conviction. *Yates v. Parker*, 371 S.W.3d 152, 154 (Tenn. Crim. App. 2012). This court concluded that claims of post-judgment jail credit were properly addressed administratively through the Tennessee Department of Correction and did not present cognizable claims of habeas corpus relief. *Id.* at 155-56. The court, although noting that the petitioner did not indicate which of his prior convictions was invalid or state the basis of the invalidity, held that the petitioner was not entitled to any relief as to his second claim. *Id.* at 156. The court observed that challenges to an offender classification should have been raised on direct appeal because they were similar to a challenge of the sufficiency of the evidence supporting a conviction and were not appropriately raised through a petition for writ of habeas corpus. *Id.* (citations omitted). The court stated that "'[w]hile a trial court may make an error in offender classification, the error is not going to render the sentence illegal so long as the classification falls within the purview of the Sentencing Act.'" *Id.* (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 458 (Tenn. 2011)).

On November 13, 2013, the petitioner filed his most recent petition for writ of habeas corpus in the Johnson County Circuit Court, specifically attacking his 2003 conviction. In his petition, he stated that the legality of his restraint had not been adjudged in a prior proceeding, "to the best of [his] knowledge and belief." He claimed that his 2003 conviction was void because the trial court did not have authority to use his 1994 convictions to enhance his sentence or to permit the State to use the convictions to impeach the petitioner when he testified at his trial. He again argued that his 1994 convictions were void because the sentences should have been imposed consecutively to his 1993 sentence. The habeas corpus court granted the State's motion to dismiss the petition without conducting a hearing or appointing counsel. The petitioner timely appealed the denial, and we proceed to consider his claims.

**ANALYSIS**

The petitioner argues that the habeas corpus court erred and abused its discretion by dismissing his petition without holding a hearing to determine whether his thirty-year sentence for aggravated robbery is illegal and void. Specifically, he contends that his 2003 conviction is void because the trial court did not have the authority to use his 1994 convictions –which he claims are void due to the alleged error in concurrent sentencing – to enhance his offender classification and that the court did not have the authority to permit the

State to impeach the petitioner at trial with his 1994 convictions. Essentially, the petitioner puts forth the same argument that this court rejected in *Yates v. Parker*, with the only differences being that he now includes the conviction that he claims is invalid and his additional claim that the trial court lacked authority to permit the use of the 1994 convictions for impeachment purposes. *See Yates v. Parker*, 371 S.W.3d at 156.

A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Accordingly, the allegation that a trial court erred in admitting impeaching convictions is not a cognizable claim for habeas corpus relief. The petitioner is not entitled to relief on this issue.

"[I]t is a fundamental principle of law that the remedy of habeas corpus may not be used to resurrect and relitigate matters which have been raised and determined in a prior suit for habeas corpus, a prior suit for post-conviction relief, or on direct appeal unless a change in law renders the petitioner's conviction void." *Freddie Olden v. David Mills, Warden*, No. C.C.A. 332, 1991 WL 59366, at *2 (Tenn. Crim. App. Apr. 12, 1991) (citations omitted). That is precisely what the petitioner attempts to do here.

The fact that the petitioner now identifies the conviction which the trial court relied on to enhance his sentence and which he believes is invalid does not alter this court's conclusion in *Yates v. Parker*. Essentially, the petitioner challenges his offender classification, which is a factual determination made by the trial court that should be challenged on direct appeal. *See Cantrell*, 346 S.W.3d at 451. As long as a sentence is within the maximum range permitted by the Sentencing Act, an error in offender classification will not render a sentence illegal. *Id.* at 458. Because the petitioner's sentence does not contravene the Sentencing Act and was an available sentence for the trial court to impose, there are no jurisdictional defects on the face of the judgment. Accordingly, the petitioner is not entitled to any relief, as "habeas corpus relief is not available to correct errors or irregularities in offender classification." *Edwards v. State*, 269 S.W.3d 915, 924 (Tenn. 2008).

## CONCLUSION

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case

5

satisfies the criteria of Rule 20. Accordingly, we affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
JOHN EVERETT WILLIAMS, JUDGE