In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00185-CV

_____


IN RE KELLEE NICOLE DUKE


Original Proceeding
279th District Court of Jefferson County, Texas
Trial Cause No. F-220,711


**MEMORANDUM OPINION**

This mandamus proceeding arises from a divorce and custody suit. Seeking mandamus relief, Kellee Nicole Duke seeks relief from an order of the 279th District Court refusing her request to allow her to change attorneys, and disqualifying the attorneys that she wanted to represent her in the suit. We conditionally grant Kellee's request for relief.

The trial court conducted a hearing on Kellee's motion to substitute counsel on March 17, 2016. The record before us reflects that more than a month before the date scheduled for the trial of the Dukes' case, Bruce N. Smith and Jolei Shipley of

1

Smith & Shipley, L.L.P., filed a motion asking the trial court to allow them to replace Kellee's existing counsel of record. The attorneys representing Kellee did not oppose the motion, and requested that the trial court allow them to withdraw. William Ross Duke, Kellee's husband, is represented by Reaud, Morgan & Quinn, L.L.P. Reaud, Morgan & Quinn opposed Smith & Shipley's motion, alleging that Smith & Shipley had a conflict of interest because Shipley, before filing the motion to substitute, had contacted William's attorney, Sheigh Rhodes, seeking to be employed as a mediator in the case.

During the hearing on the motion, the evidence showed that Jolei Shipley had discussed the possibility that she might serve as a mediator in the case with the Dukes' respective attorneys. The evidence in the hearing indicates that the discussions regarding mediation occurred several weeks before Kellee sought to hire Shipley and her firm to replace her existing counsel of record. The evidence is undisputed that the respective attorneys acting as counsel for the Dukes did not hire Shipley to mediate the case.

Three witnesses testified during the hearing on the motion, (1) Kellee; (2) Tom Roebuck, one of Kellee's acting attorneys of record; and (3) Shipley. Rhodes did not testify as a witness or by affidavit during the hearing regarding her account of the conversation that she had with Shipley about Shipley serving as a mediator

in the case. Kellee testified at the hearing that she requested Smith & Shipley to act as her attorneys based on the recommendation of someone who was not associated with their firm. Kellee also testified that she would be at a disadvantage if the trial court denied her request to be represented by Smith & Shipley. William's attorney did not cross-examine Kellee about the reasons she wanted to change counsel. Roebuck testified that Shipley had previously approached him about acting as a mediator in the case, but that he had declined to hire her. Roebuck stated that he had not concerned himself with the case since being notified that Kellee had retained other counsel, and he indicated that he "was kind of shocked [that] this motion was opposed." Shipley testified that several weeks before Kellee hired Smith & Shipley to represent her in the divorce, she saw Roebuck at the courthouse in connection with a hearing the court was conducting in the case, and that she asked Roebuck to consider hiring her as a mediator in the matter. According to Shipley, several days after contacting Roebuck, she called Rhodes, and asked Rhodes to keep her in mind if the parties decided to mediate the case. Shipley testified that she was not ever engaged as a mediator in the case, and she stated that the Dukes' respective attorneys had not, in their conversations with her, shared any confidential information with her about the case.

At the conclusion of the hearing, the trial court denied Kellee's motion. The trial court's comments in the hearing indicate that the court decided to deny the motion because Shipley had discussed the possibility of mediating the case with the respective attorneys representing the Dukes. The trial court rendered an order allowing Kellee's attorney to withdraw, but refused to allow Smith & Shipley to appear in the case as Kellee's attorneys of record. The trial court apparently viewed Smith & Shipley as disqualified because Shipley had sought to be employed to mediate the dispute. We note that the trial court did not issue written findings or conclusions in connection with its ruling, and the order that it rendered does not state any specific basis for its ruling.

In his response to Kellee's petition for mandamus, William argues that the trial court's ruling should be upheld because Shipley solicited the opportunity to mediate the case. According to William, Shipley's attempt to be hired as a mediator in the case violates the ethical guidelines that apply to mediators. William's response suggests that Shipley may be guilty of barratry, and he contends that Shipley violated Rule 7.03 of the Texas Rules of Professional Conduct, a rule that prohibits lawyers from soliciting cases. However, these arguments, which concern Shipley's alleged violation of a guideline, statute, or rule, are not consistent with the two arguments that William presented to the trial

4

court. At the hearing, William claimed that Shipley had a conflict of interest from having discussed the possibility the case might be mediated with the attorneys for the Dukes, and that if the substitution were allowed, the trial would be delayed.

Disqualification of an attorney that a client desires to engage is a severe remedy that deprives a party of her counsel of choice. *In re Dalco*, 186 S.W.3d 660, 667-68 (Tex. App.—Beaumont 2006, orig. proceeding [mand. denied]). Generally, disqualification cannot be justified merely on allegations of unethical conduct or on evidence showing a remote possibility that a violation of some disciplinary rule or ethical rule occurred. *Id*. The Texas Supreme Court has placed the burden of proving the prejudice from such conflicts on the party seeking to prevent another attorney from representing a client who has sought the attorney's services, explaining that "[e]ven if a lawyer violates a disciplinary rule, the party requesting disqualification must demonstrate that the opposing lawyer's conduct caused actual prejudice that requires disqualification." *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding). In this case, William failed to meet his burden to show that actual prejudice existed, as the record contains no evidence to show that Shipley acquired any confidential information about the Dukes' case from her conversation with Rhodes.

With respect to William's claim that the substitution would result in undue delay, a trial court abuses its discretion by denying a party's choice of counsel unless the substitution will cause delay. *Spinks v. Brown*, 103 S.W.3d 452, 460 (Tex. App.—San Antonio 2002, pet. denied). Here, the record shows that the trial court was advised by Smith & Shipley that they would not ask for a continuance of the case. Additionally, the record shows that because the trial court granted Roebuck's request to withdraw, Kellee will need time to retain other counsel. Although the trial court made no findings regarding whether the trial would be delayed, the record does not support William's claim that the substitution would unduly delay the disposition of the case given the fact that by allowing her existing counsel of record to withdraw, Kellee will need to engage other counsel.

We have reviewed the mandamus records, and we conclude that no evidence was presented showing that William would actually be prejudiced by allowing Smith & Shipley to represent Kellee in the case. We further conclude that there was no evidence showing that Smith & Shipley's substitution would cause an undue delay. We hold the denial of the motion to substitute constituted an abuse of discretion[1] rendering a remedy by appeal inadequate. *In re Sanders*, 153 S.W.3d

---

[1] In her reply to William's mandamus response, Kellee argues for the first time that the trial court abused its discretion by denying her motion to disqualify William's counsel following a hearing that occurred on February 5, 2015. We

6

54, 56 (Tex. 2004) (orig. proceeding) ("Mandamus is appropriate to correct an erroneous order disqualifying counsel because there is no adequate remedy by appeal."). Accordingly, we conditionally grant mandamus relief and will issue the writ only if the trial court does not vacate its order of March 17, 2016 disqualifying Smith & Shipley and prohibiting Smith & Shipley from substituting as Kellee's counsel of record. We presume the trial court will promptly grant the motion to substitute counsel after withdrawing its order.

PETITION CONDITIONALLY GRANTED.


PER CURIAM


Submitted on June 29, 2016
Opinion Delivered July 28, 2016

Before McKeithen, C.J., Horton and Johnson, JJ.

---

decline to address Kellee's supplemental issue because Kellee failed to justify her delay in seeking relief from that ruling. *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367-68 (Tex. 1993) (orig. proceeding).